FILED 12 SEP 17 PM 3:04 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY: [initials] DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIXTO Q. NAVARETTE, BOP #20463-298, <br><br>Plaintiff, <br><br>vs. <br><br>PIONEER MEDICAL CENTER; U.S. MARSHAL'S SERVICE; FEDERAL BUREAU OF PRISON; DR. MARK WHITE, <br><br>Defendants. | Civil No. 12cv0629 WQH (DHB) <br><br>**ORDER:** <br><br>**(1) SUA SPONTE DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b); AND** <br><br>**(2) DENYING DEFENDANT WHITE'S MOTIONS TO DISMISS [ECF Nos. 10, 11] AS MOOT** |

**I.  PROCEDURAL HISTORY**

On March 12, 2012, Plaintiff, Sixto Q. Navarette, a federal inmate currently incarcerated at Victorville Federal Corrections Institution located in Adelanto, California, filed a civil rights action pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 5].

///

The Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2). [ECF No. 7.] Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* On August 16, 2012, Plaintiff filed his First Amended Complaint ("FAC"). [ECF No. 8.] On September 6, 2012, Defendant White prematurely filed a Motion and Amended Motion to Dismiss Plaintiff's First Amended Complaint before the Court could conduct the required sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2). [ECF Nos. 10, 11.] Thus, the Court **DENIES** Defendant White's Motions as moot in light of the Court's Order below.

## II. SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

### A.    Claims brought pursuant to § 1983

Once again, Plaintiff seeks to hold Defendants Pioneers Memorial Hospital and Defendant White liable pursuant to 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

To the extent Plaintiff seeks to hold either of these Defendants liable pursuant to § 1983, his First Amended Complaint fails to allege any facts sufficient to show that a private entity or their employee acted "under color of state law." *Franklin*, 312 F.3d at 444; *see also Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party" only if he is alleged to be "a willful participant in joint action with the State or its agents.") (citation and quotation marks omitted).

The Court informed Plaintiff in its previous Order, that Plaintiff must clarify whether or not he was incarcerated at the time he was provided medical treatment by Pioneers Memorial Hospital and Defendant White. (*See* July 10, 2012 Order at 3.) Plaintiff has failed to do so and in fact, Plaintiff's allegations suggest that he was not incarcerated when he sought medical treatment. Specifically, Plaintiff alleges that he chose to have the surgery performed at Pioneer

Hospital because he "relied on Pioneer's credentials and prior personal experiences." (FAC at 3.) If Plaintiff was not incarcerated at the time, he cannot maintain a § 1983 action against private entities or individuals. Thus, the claims against Defendants Pioneer Medical Center and Dr. White cannot be maintained in this action and must be dismissed.

### B. Eighth Amendment claims

Even if Plaintiff were incarcerated at the time these claims arose, he has failed to state an Eighth Amendment deliberate indifference to serious medical need claim against Defendant White. In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs; neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice constitutes a constitutional violation. *Estelle*, 429 U.S. at 105-06.

Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

Plaintiff's allegations as to Defendant White sound in negligence. As stated above, inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Plaintiff claims Defendant White delayed his surgery by initially providing him with pain medication. (*See* FAC at 4-5.) Plaintiff also claims that Defendant White should have performed a second surgery. (*Id.*) However, a mere difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

1  Accordingly, Plaintiff's Eighth Amendment claims are dismissed for failing to state a
2  § 1983 claim upon which relief may be granted.

### C. Bivens Action

In addition, the Court notes that while Plaintiff purportedly brings this action under § 1983, the Court will liberally construe some of his claims to arise under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971) because Plaintiff claims violations of his civil rights by a federal actors. *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

To state a private cause of action under *Bivens*, Plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the violation was committed by a federal actor. *Id.; Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988). *Bivens* provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). However, a *Bivens* action may only be brought against the responsible federal official in his or her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). In his Complaint, Plaintiff seeks to sue the United States Marshal Service and the Federal Bureau of Prison which are agencies of the government. (*See* Compl. at 1.) However, *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Daly-Murphy*, 837 F.2d at 355. Accordingly, the Court must DISMISS the claims against the Bureau of Prisons for failing to state a claim upon which relief may be granted.

/ / /
/ / /

Plaintiff now raises new claims as to Defendant U.S. Marshal "Mark" whom he claims "ignored his medical condition." (FAC at 4.) Plaintiff further claims that Defendant Mark "intentionally inflicted pain by rising my right leg." (*Id.*) The Court construes these claims as an attempt by Plaintiff to allege an excessive force claim as to Defendant Mark.

The Eighth Amendment prohibition against cruel and unusual punishment is designed to protect those *convicted* of crimes. *Ingraham v. Wright*, 430 U.S. 651, 673 (1977). In this portion of Plaintiff's First Amended Complaint, it appears that he is alleging he was a pretrial detainee at the time Defendant Mark conducted the search. (*See* FAC at 4.) However, pretrial detainees, like plaintiff, are not protected by the Eighth Amendment's proscription against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). Instead, pretrial detainees are protected from cruel and unusual punishment by the Due Process Clause. *United States v. Salerno*, 481 U.S. 739, 746-47 (1987). The Supreme Court has held that under that clause, "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell*, 441 U.S. at 536. However, a pretrial detainee may be subjected to "restrictions and conditions ... so long as those conditions and restrictions do not amount to punishment, or otherwise violate the constitution." *Id.* at 537-38.

Because Plaintiff alleges the use of excessive force by federal officials, his claims arise under the Due Process Clause of the Fifth Amendment; however, courts look to Eighth Amendment principles when reviewing excessive force claims of pretrial detainees. *See Gary H. v. Heggstrom*, 831 F.2d 1430, 1432 (9th Cir. 1987) (the Due Process Clause "implicitly incorporates the cruel and unusual punishments clause standards"); *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990) (noting that courts should examine cases which set the standard for violation of the Eighth Amendment when determining whether a pretrial detainee's due process rights are violated.).

Any physical application of force against a person in custody, whether it be through brute strength, chemical or other weaponry, or mechanical restraint, may not be excessive. *See Whitley v. Albers*, 475 U.S. 312 (1986) (prison shooting); *Hudson v. McMillian*, 503 U.S. 1

1   (1992) (prison beating); *LeMaire v. Maass*, 12 F.3d 1444, 1450-53, 1457, 1460 (9th Cir. 1993)
2   (prison's use of in-shower and in-cell leg and waist restraints). "That is not to say that every
3   malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S.
4   at 10 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove,
5   even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's
6   constitutional rights"). In order to violate the Eighth Amendment, the Defendant must use force
7   which is "unnecessary" and "wanton." *Whitley*, 475 U.S. at 319. "It is obduracy and
8   wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by
9   the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with
10  establishing conditions of confinement, supplying medical needs, or restoring official control
11  over a tumultuous cellblock." *Id.*

12  Thus, a constitutional violation can only be established if force was used "maliciously and
13  sadistically for the purpose of causing harm." *Id.*; *see also Wilson v. Seiter*, 501 U.S. 294, 298
14  (1991) (claims that an official has inflicted cruel and unusual punishment contain both an
15  objective component as well as a subjective "inquiry into the prison official's state of mind").
16  The Supreme Court has also clearly stated that the Eighth Amendment's prohibition of cruel and
17  unusual punishment necessarily excludes from constitutional recognition *de minimus* uses of
18  physical force, provided that the use of force is not the sort "repugnant to the conscience of
19  mankind." *Hudson*, 503 U.S. at 10.

20  The Court must evaluate the threat reasonably perceived by the responsible officials as
21  compared to the amount of force which was used. *Id.* Thus, to determine whether an excessive
22  force claim arises under either the Eighth Amendment or the Due Process Clause, courts
23  consider four factors: (1) the need for the application of force; (2) the relationship between the
24  need to use force and the amount of force used; (3) the extent of the injury inflicted; and (4)
25  whether the force was applied in a good faith effort to maintain or restore discipline or to
26  maliciously and sadistically cause harm. *Id.* at 7; *White*, 901 F.2d at 1507.

27  Here, Plaintiff provides insufficient facts from which the Court could adequately evaluate
28  his claim under any of the above stated factors. Plaintiff alleges facts which indicate Defendant

Mark was conducting a search for contraband prior to Plaintiff appearing in court. (*See* FAC at 4.) While not entirely clear, it appears that Plaintiff requested Defendant Mark "to be careful while searching" him for contraband. (*Id.*) Defendant Mark is alleged to have raised Plaintiff's leg causing him pain during the search. (*Id.*) After Plaintiff expressed his level of pain, Defendant Mark "apologized for his action, but the damage was done." (*Id.*) There are no allegations that Defendant Mark acted "maliciously or sadistically" to cause Plaintiff harm. Accordingly, Plaintiff's excessive force claims are dismissed for failing to state a claim upon which relief may be granted.

Accordingly, Plaintiff's entire First Amended Complaint must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) & 1915A(b).

### III. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS FURTHER ORDERED that:**

Defendant White's Motions to Dismiss Plaintiff's First Amended Complaint (ECF Nos. 10, 11) are **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: 9/17/12

HON. WILLIAM Q. HAYES
United States District Judge