FILED

2013 JAN -9 PM 1:51

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SIXTO Q. NAVARETTE,<br>BOP #20463-298<br><br>                          Plaintiff,<br><br>vs.<br><br>PIONEER MEDICAL CENTER; U.S.<br>MARSHAL'S SERVICE; FEDERAL<br>BUREAU OF PRISON; DR. MARK<br>WHYTE; U.S. MARSHAL MARK;<br>VICTORVILLE FCI OF BOP; DOCTOR<br>SALVADOR VILLALON; MLP<br>CASTILLO; MACHIMO,<br><br>                          Defendants. | Civil No.    12cv0629 WQH (DHB)<br><br>**ORDER:**<br><br>**(1) SUA SPONTE DISMISSING<br>DEFENDANTS WHYTE, PIONEER<br>MEDICAL CENTER, U.S.<br>MARSHAL'S SERVICE, FEDERAL<br>BUREAU OF PRISON AND<br>VICTORVILLE FCI OF B.O.P.<br>PURSUANT TO<br>28 U.S.C. §§ 1915(e)(2) & 1915A(b);<br>AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO<br>EFFECT SERVICE OF SECOND<br>AMENDED COMPLAINT<br>PURSUANT TO<br>FED.R.CIV.P. 4(c)(3)<br>& 28 U.S.C. § 1915(d)** |

## I.    PROCEDURAL HISTORY

On March 12, 2012, Plaintiff, Sixto Q. Navarette, a federal inmate currently incarcerated at Victorville Federal Corrections Institution located in Adelanto, California,  filed a civil rights

1  action pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma*
2  *Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 5].

3       The Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his
4  Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2). [ECF No. 7.] Plaintiff
5  was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading
6  identified by the Court. *Id.* On August 16, 2012, Plaintiff filed his First Amended Complaint
7  ("FAC"). [ECF No. 8.] On September 6, 2012, Defendant Whyte prematurely filed a Motion
8  and Amended Motion to Dismiss Plaintiff's First Amended Complaint before the Court could
9  conduct the required sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2). [ECF Nos. 10,
10 11.] The Court denied Defendant Whyte's motion to dismiss as moot in light of the Court's
11 dismissal of the entire First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and
12 § 1915A(b). [ECF No. 13.] On November 1, 2012, Plaintiff filed his Second Amended
13 Complaint ("SAC"). [ECF No. 15.]

14 **II.**   **SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) and § 1915A**

15      **A.**   **Standard**

16      As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA")
17 obligates the Court to review complaints filed by all persons proceeding IFP and by those, like
18 Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or
19 adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,
20 probation, pretrial release, or diversionary program," "as soon as practicable after docketing."
21 *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte
22 dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails
23 to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§
24 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§
25 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

26      Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte
27 dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is
28 frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## A. Claims brought pursuant to § 1983

Once again, Plaintiff seeks to hold Defendants Pioneers Memorial Hospital and Defendant Whyte liable pursuant to 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

To the extent Plaintiff seeks to hold either of these Defendants liable pursuant to § 1983, his Second Amended Complaint fails to allege any facts sufficient to show that a private entity or their employee acted "under color of state law." *Franklin*, 312 F.3d at 444; *see also Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party" only if he is alleged to be "a willful participant in joint action with the State or its agents.") (citation and quotation marks omitted).

1      The Court informed Plaintiff in all of the previous Orders that he must clarify whether
2 he was incarcerated at the time he was provided medical care by Defendant Whyte or Pioneer
3 Medical Center. It is now clear from the allegations in Plaintiff's Second Amended Complaint
4 that he was not incarcerated at these times and therefore, neither Defendant Whyte or Pioneer
5 Medical Center can be held liable for § 1983 purposes because neither of these Defendants acted
6 "under color of state law." *Franklin*, 312 F.3d at 444.

7      Accordingly, Defendant Whyte and Defendant Pioneer Medical Center are dismissed
8 from this action with prejudice and without leave to amend.

9      **B.**     **Eighth Amendment claims**

10      Because Plaintiff claims violation of his civil rights by federal actors, the Court construes
11 the remaining claims as arising under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403
12 U.S. 388 (1971). *Bivens* established that "compensable injury to a constitutionally protected
13 interest [by federal officials alleged to have acted under color of federal law] could be vindicated
14 by a suit for damages invoking the general federal question jurisdiction of the federal courts
15 [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). "Actions under
16 § 1983 and those under *Bivens* are identical save for the replacement of a state actor under §
17 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

18      To state a private cause of action under *Bivens*, Plaintiff must allege: (1) that a right
19 secured by the Constitution of the United States was violated, and (2) that the violation was
20 committed by a federal actor. *Id.; Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624
21 (9th Cir. 1988). *Bivens* provides that "federal courts have the inherent authority to award
22 damages against federal officials to compensate plaintiffs for violations of their constitutional
23 rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000).
24 However, a *Bivens* action may only be brought against the responsible federal official in his or
25 her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). *Bivens*
26 does not authorize a suit against the government or its agencies for monetary relief. *FDIC v.*
27 *Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988);
28 *Daly- Murphy*, 837 F.2d at 355.

1    Thus, the Court dismisses Defendants Federal Bureau of Prisons, U.S. Marshal's Service

2  and Victorville FCI of BOP from this action as a *Bivens* action against these federal agencies is

3  not authorized. *FDIC*, 510 U.S. at 486.

4    However, the Court finds that Plaintiff's Second Amended Complaint is now sufficiently

5  pleaded as to Defendants U.S. Marshal Mark, Villalon, Castillo and Machimo to survive the sua

6  sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, the Court will

7  direct U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d)

8  ("The officers of the court shall issue and serve all process, and perform all duties in [IFP]

9  cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States

10  marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28

11  U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal

12  procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that

13  [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal.

14  2007).

15  **III.   CONCLUSION AND ORDER**

16    Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

17    1.    Defendants Dr. Mark Whyte, Pioneer Medical Center, U.S. Marshal's Service,

18  Federal Bureau of Prison and Victorville FCI of B.O.P. are **DISMISSED** from this action

19  without leave to amend pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b). The Clerk of Court

20  is directed to terminate these Defendants from the docket.

21    2.    The Clerk shall issue a summons as to Plaintiff's Second Amended Complaint

22  [ECF No. 9] upon Defendants U.S. Marshal Mark, Villalon, Castillo and Machimo, and shall

23  forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants.

24  In addition, the Clerk shall provide Plaintiff with a copy of this Order, the Court's July 10, 2012

25  Order granting Plaintiff leave to proceed IFP [ECF No. 7], and copies of his Second Amended

26  Complaint and the summons for purposes of serving each Defendant. Upon receipt of this "IFP

27  Package," Plaintiff is directed to complete the Form 285s as completely and accurately as

28  possible, and to return them to the U.S. Marshal according to the instructions provided by the

Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the Second Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

3.     Defendants are thereafter **ORDERED** to reply to Plaintiff's Second Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

4.     Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: ___1/9/13___                    _____
                                       **HON. WILLIAM Q. HAYES**
                                       United States District Judge