UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIXTO NAVARRETTE QUINONEZ,<br><br>Plaintiff,<br><br>v.<br><br>PIONEER MEDICAL CENTER, et al.,<br><br>Defendants. | Civil No. 12-cv-0629-WQH (DHB)<br><br>**ORDER PROVIDING PLAINTIFF NOTICE OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO *WYATT V. TERHUNE* AND SETTING BRIEFING SCHEDULE** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

Defendants have filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b). (ECF No. 25.) Defendants argue Plaintiff has failed to exhaust administrative remedies prior to suit as required by 42 U.S.C. § 1997e(a). Defendants alternatively argue that this action should be transferred to the Central District of California.

"[A] motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the district court will consider documents beyond the pleadings." *Stratton v. Buck*, 697 F.3d 1004, 1009 (9th Cir. 2012); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) ("In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.") (citing *Ritza v. Int'l Longshoremen's & Warehousemen's*

1 *Union*, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam)).

2 If the court looks beyond the pleadings "in deciding the motion to dismiss for
3 failure to exhaust -- a procedure closely analogous to summary judgment -- then the court
4 must assure that [the plaintiff] has fair notice of his opportunity to develop a record."
5 *Wyatt*, 315 F.3d at 1120 n.14; *see also Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir.
6 2009) (remanding case to district court where court failed to "effectively give [plaintiff]
7 fair notice that he should have submitted evidence regarding exhaustion of administrative
8 remedies.").

9 Accordingly, Plaintiff is hereby provided with notice that Defendants have filed
10 a motion which asks the Court to dismiss his case (or part of it) because he failed to
11 exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). *See Woods v. Carey*,
12 684 F.3d 934, 936, 939 (9th Cir. 2012). Plaintiff should include in his Opposition to
13 Defendants' Motion whatever arguments, evidentiary material or documents he may have
14 to show that he did, in fact, exhaust all administrative remedies as were available to him
15 prior to filing suit. *See Stratton*, 697 F.3d at 1008 (noting plaintiff has the "right to file
16 counter-affidavits or other responsive evidentiary materials" which is relevant to show
17 the administrative exhaustion of his claims); *Marella*, 568 F.3d at 1028; *Wyatt*, 315 F.3d
18 at 1119-21.

19 If Defendants' Motion and supporting proof is sufficient to show that Plaintiff has
20 failed to exhaust, and Plaintiff fails to develop the record by providing evidence to the
21 contrary, his unexhausted claims will be dismissed without prejudice and he will not be
22 able to proceed as to those claims in this action. *See Wyatt*, 315 F.3d at 1120 ("If the
23 district court concludes that the prisoner has not exhausted nonjudicial remedies, the
24 proper remedy is dismissal of the claim without prejudice.").

25 **Conclusion and Order**

26 Accordingly, the Court sets the following briefing schedule:

27 1. Plaintiff, if he chooses, may file an Opposition to Defendants' Motion to
28 Dismiss or in the alternative Motion to Transfer Venue, which includes evidentiary

1  material related to the exhaustion of his claims, and serve it upon Defendants' counsel
2  of record no later than **June 7, 2013**.
3       2. Defendants may file a Reply to Plaintiff's Opposition, and serve it upon
4  Plaintiff no later than **June 21, 2013**.
5      At that time, the Court will consider the matter fully briefed as submitted on the
6  papers and will thereafter issue a written Report and Recommendation. Unless otherwise
7  ordered, no appearances are required on the date set for hearing and no oral argument will
8  be held. *See* S.D. Cal. CivLR 7.1.d.1.
9      **IT IS SO ORDERED.**
10 DATED: April 19, 2013

DAVID H. BARTICK
United States Magistrate Judge