# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIXTO NAVARRETTE QUINONEZ,<br><br>　　　　　　　　　　Plaintiff,<br>　　vs.<br>PIONEER MEDICAL CENTER, et al.,<br><br>　　　　　　　　　　Defendants. | Civil No. 12cv629-WQH-DHB<br><br>ORDER |

HAYES, Judge:

　　The matter before the Court is the review of the Report and Recommendation (ECF No. 34) issued by the United States Magistrate Judge recommending that this Court (1) grant Defendants' motion to dismiss (ECF No. 25); (2) deny Plaintiff's Motion for Writ of Mandamus (ECF No. 21); and (3) dismiss Defendant U.S. Marshal Mark.

**I.　Background**

　　On March 12, 2012, Plaintiff, a federal prisoner currently incarcerated at the Victorville Federal Correctional Complex ("FCC Victorville") in Adelanto, California, and proceeding pro se and *in forma pauperis*, filed his initial Complaint against Defendants. The operative complaint is now the Second Amended Complaint, filed on November 1, 2012, in which Plaintiff alleges civil rights claims pursuant to 42 U.S.C. § 1983 stemming from a February 2010 hernia repair surgery performed prior to Plaintiff's arrest and incarceration. Plaintiff alleges claims for denial of proper medical

care and cruel and unusual punishment.

On March 12, 2013, Plaintiff filed a Motion for Writ of Mandamus, seeking an order compelling Defendants to refer Plaintiff to a medical specialist. (ECF No. 21).

On April 8, 2013, Defendants Lilia Castillo, Salvador Villalon, and Jacqueline Machimo, medical personnel at FCC Victorville, filed a Motion to Dismiss the Second Amended Complaint on the grounds that (1) Plaintiff failed to exhaust available administrative remedies; and (2) the Second Amended Complaint fails to state a claim upon which relief can be granted. (ECF No. 25). Alternatively, Defendants Castillo, Villalon, and Machimo move to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1391(e). *Id.*

On April 8, 2013, counsel for Defendants Castillo, Villalon, and Machimo also filed a request that Plaintiff's claims against Defendant U.S. Marshal Mark be dismissed without prejudice as a result of the U.S. Marshal's Office's inability to effectuate service on Defendant Mark due to the insufficiency of facts pled against him in the Second Amended Complaint. (ECF No. 24).

On April 19, 2013, the Court provided Plaintiff with notice of the Motion to Dismiss pursuant to *Wyatt v. Terhune*, providing Plaintiff with additional time to file a response to the Motion to Dismiss.

Plaintiff did not file any response to the Motion to Dismiss.

On November 12, 2013, the Magistrate Judge issued the Report and Recommendation, recommending that: (1) Defendants' Motion to Dismiss for failure to exhaust administrative remedies be granted; (2) Defendants' Castillo and Villalon's Motion to Dismiss for failure to state a claim be denied; (3) Defendant Machimo's Motion to Dismiss for failure to state a claim be granted; (4) Defendants' motion to transfer venue to the Central District of California be granted (only in the event the Motion to Dismiss is denied as to Defendants Castillo, Villalon, and/or Machimo); (5) Defendants' counsel's request for dismissal of Plaintiff's claims against Defendant U.S. Marshal Mark be granted; and (6) Plaintiff's motion for writ of mandamus be denied.

Neither party filed objections to the Report and Recommendation.

## II. Review of the Report and Recommendation

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the report and recommendation de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Neither party objected to the Report and Recommendation, and the Court has reviewed the Report and Recommendation in its entirety. With regard to the Motion to Dismiss, absent a showing that administrative remedies were unavailable, Plaintiff's failure to comply with the Bureau of Prisons' procedural rules, including deadlines, requires dismissal for failure to exhaust administrative remedies. The Magistrate Judge correctly recommended that "Defendants Castillo, Villalon and Machimo's [M]otion to [D]ismiss the claims against them in the Second Amended Complaint for failure to exhaust administrative remedies be GRANTED." (ECF No. 34 at 13).

With regard to the request for the dismissal of Defendant U.S. Marshal Mark, to date, Plaintiff has not provided any further identifying information beyond a first name. Without more, Plaintiff fails to provide necessary information to permit the U.S. Marshal to effectuate service. *Id*. at 21.

With regard to Plaintiff's Motion for Writ of Mandamus, Plaintiff's request that the Court order Defendants Castillo, Villalon, and Machimo to refer Plaintiff to a medical specialist seeks relief beyond that permitted by a writ of mandamus. *Id*. at 26.

///

## IV. Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED in its entirety. (ECF No. 34)

IT IS FURTHER ORDERED that: (1) Defendant's Motion to Dismiss (ECF No. 25) is GRANTED for failure to exhaust administrative remedies, and this action is DISMISSED without prejudice; (2) Plaintiff's Motion for Writ of Mandamus (ECF No. 21) is DENIED; and (3) Defendant U.S. Marshal Mark is DISMISSED without prejudice for insufficient service of process pursuant to Federal Rule of Civil Procedure 4(m).

DATED: January 16, 2014

**WILLIAM Q. HAYES**
United States District Judge